UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

      Plaintiff,                                    No. 14-10244

v.                                              District Judge Arthur J. Tarnow
                                                       Magistrate Judge R. Steven Whalen

JACK FROST, ET AL.,

      Defendants.
_____/

**ORDER**

On October 20, 2014, I entered an order [Doc. #35] denying Plaintiff's second motion to amend his complaint [Doc. #22]. On February 19, 2015, Plaintiff filed a motion to reconsider the order denying his motion to amend [Doc. #39]. Pursuant to an order to respond, the Defendants filed a response to the motion for reconsideration on March 3, 2015 [Doc. #42]. For the reasons discussed below, the Plaintiff's motion for reconsideration [Doc. #39] is DENIED.

Motions for reconsideration are governed by E.D. Mich. Local Rule 7.1(g)(3), which provides:

> (3) *Grounds*. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show

that correcting the defect will result in a different disposition of the case."

A motion for reconsideration "must be filed within 14 days after entry of the...order." E.D. Mich. L.R. 7.1(h)(1). Here, the Plaintiff filed his motion for reconsideration well outside the 14-day period. By way of excuse, he alleges that he did not receive a copy of the Court's order denying his motion to amend until February 7, 2015. While I do not necessarily accept his claim that "delays or nondelivery of incoming legal mail has become common," I will accept his claim of a delay in delivery in this case.

I find no "palpable defect" in my previous order denying Plaintiff's second motion to amend his complaint. The factors relevant when considering a motion to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *See Wade v. Knoxville Utils. Bd.,* 259 F.3d 452, 458 (6th Cir.2001).

The alleged retaliatory misdeeds by Defendants Eaton and Campbell, and putative new Defendant Hemry and Nichols occurred in February and March, 2014,[1] and would thus have been known to the Plaintiff before he filed his first amended complaint on April

---

[1] At ¶ 50 of the proposed amended complaint, Plaintiff alleges that on April 23, 2014, a prison store employee declined to sell him $8.00 in "hygienic items." When Plaintiff said he would file a grievance, the employee replied that he was "on grievance restriction." From this exchange, Plaintiff speculates that Eaton and Campbell must have informed her about the grievance restriction. However, according to ¶ 46, Eaton and Campbell served Plaintiff with a Modified Grievance Access Memorandum on March 24, 2014.

8, 2014. As Plaintiff himself concedes, he is a frequent and experienced *pro se* litigator. Yet, he has offered no explanation as to why these new claims were not included in his first amended complaint.

In addition, on February 17, 2015, I filed a Report and Recommendation, recommending that the claims brought in the first amended complaint against Defendants Eaton, Campell, McConnell, Frost, and Kindinger be dismissed. *See* Doc. #38. I found that the Defendants were entitled to qualified immunity because Plaintiff had not suffered any deprivation of his constitutional rights. At this late stage, it would be prejudicial to these Defendants to drag them back into the case through a second amended complaint. In *Lyle v. Jackson*, 49 Fed.Appx. 492, 495, 2002 WL 31085181, *2 (6th Cir. 2002), the Court noted:

> "Prejudice to the original defendants would have resulted by allowing these amendments to add new claims against new defendants, as it would have prolonged the proceedings without any prospect of ever resolving all of Lyle's complaints. Lyle was not prejudiced, as he could file separate complaints raising his new claims."

Moreover, without prejudging any future action containing more plausible facts that Plaintiff might file, his proposed second amended complaint as filed is largely speculative as to the new retaliation claims, and he has presented nothing of substance that would call into question my finding of futility, to wit:

> "In the second motion, Plaintiff brings claims against Defendants Eaton, Campbell, and Hemry, based on their denial or rejection of administrative grievances. However, the Sixth Circuit has held that liability may not be imposed simply because a defendant reviewed or denied a grievance.

*Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999)((holding that prisoner's claims against defendants whose only involvement was the denial of administrative remedies failed as a matter of law); *see also Martin v. Harvey*, 14 Fed.App'x. 307, *2 (6th Cir. 2001)(denial of a prisoner's grievance does not give rise to § 1983 liability); *Alder v. Corr. Med. Servs.*, 73 Fed.App'x 839, 841 (6th Cir.2003)("The mere denial of a prisoner's grievance states no claim of constitutional dimension.")." [Doc. #35, p.1].

Because Plaintiff has not met the demanding standards for reconsideration, his motion [Doc. #39] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 19, 2015

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 19, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager