UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,                                 Case No. 14-10244

            Plaintiff,                    SENIOR U.S. DISTRICT JUDGE
v.                                              ARTHUR J. TARNOW

JACK FROST, ET. AL.,                            U.S. MAGISTRATE JUDGE
                                                R. STEVEN WHALEN

            Defendant.
_____/

**ORDER:**
**(1) ADOPTING REPORT AND RECOMMENDATION [38];**
**(2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [28];**
**(3) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THE ORIGINAL COMPLAINT AS MOOT [15];**
**(4) DENYING PLAINTIFF'S MOTION TO AMEND OBJECTION TO REPORT AND RECOMMENDATION AS MOOT [54];**
**(5) OVERRULING PLAINTIFF'S OBJECTIONS [57];**
**(6) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [50]**
**(7) DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [55]**

On February 17, 2015, Magistrate Judge R. Steven Whalen filed a Report and Recommendation (R&R) [38], recommending that Defendants' Motion for Summary Judgment [28] be granted and that Defendants' Motion for Summary Judgment as to the Original Complaint be denied as moot [15]. For the reasons stated below, the R&R [38] is **ADOPTED**; Defendants' Motion for Summary Judgment [28] is **GRANTED**; Defendants' Motion for Summary Judgment as to the Original

1

Complaint [15] is **DENIED as moot**; Plaintiff's Motion to Amend Objection to R&R [54] is **DENIED as moot**; and Plaintiff's Objections to the R&R [57] are **OVERRULED**. Plaintiff's Application to Proceed Without Prepaying Fees or Costs [50] is **GRANTED**. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [55] is **DENIED without prejudice.**

## STATEMENT OF FACTS

Plaintiff filed a complaint on January 17, 2014. In the Report and Recommendation [38], the Magistrate Judge summarized Plaintiff's allegations as follows:

> At the time of the alleged incidents giving rise to his complaint, [Plaintiff] was incarcerated at the Gus Harrison Correctional Facility. On July 1, 2013, he asked Assistant Resident Unit Manager Steven Kindinger to post a sign-up sheet for inmates seeking to obtain a position as unit representative to the Warden's Forum. Kindinger told him, "I don't want you as block rep." Amended Complaint, ¶ IV-1. Because Kindinger had still not posted a sign-up sheet by July 12, 2013, Plaintiff filed a grievance on July 17, 2013. Id. ¶ IV-3. Defendants Eaton and Campbell rejected the grievance, and notified Defendants Kindinger and Frost, a Corrections Officer, that Plaintiff had written a grievance and should be disqualified from a unit representative position. Id. ¶ IV-4-5.
>
> Plaintiff alleges that on July 22, 2013, he opened the tray slot in prisoner McQuitter's cell and delivered a folded t-shirt to McQuitter. Id. ¶ IV-8. Defendant Frost then walked toward Plaintiff and said, "You're in trouble, go lock up." Id. ¶ IV-9. Frost wrote a Class II misconduct ticket against Plaintiff for disobeying a direct order. Id. ¶ 10. Plaintiff alleges that "Frost would not have written a Class II misconduct for disobeying a direct order if Plaintiff hadn't pressed the issue about a unit representative position with his superiors and then filed a grievance." Id. ¶ IV-12.

2

At the misconduct hearing on August 4, 2013, Plaintiff admitted to opening McQuitter's tray slot, but denied that Frost had ever given him a direct order to not pass items to another prisoner. Plaintiff states that Captain McConnell, who conducted the hearing, "falsely claimed in a hearings report that Plaintiff admitted disobeying a direct order." Id. ¶¶ IV-17-20. He also alleges that in his August 6, 2013 hearings report, McConnell "acknowledged that Plaintiff said the incident could not have occurred at 1620 hours, as stated on the misconduct report and changed the time to 'approximately 1830 hours'...." Id. ¶ IV-20. Following the misconduct report, Plaintiff, who had won election as unit representative, was removed from that position. Id. ¶¶ IV-19,21.

Plaintiff brings the following claims:
(1) That all Defendants retaliated against him, in violation of his First Amendment right to file a grievance and "for his exercise of the right to freedom of speech on behalf of himself and other prisoners."

(2) That Defendant Frost violated substantive due process by issuing a false misconduct charge.

(3) That Defendant McConnell violated procedural due process at the misconduct hearing.

(4) That Defendant Campbell violated due process by upholding McConnell's "false and unsupported findings."

## ANALYSIS

On March 30, 2015, this Court entered an order, adopting the R&R [38] in favor of Defendants after Plaintiff failed to file any objections for six weeks. [45]. On April 3, 2015, Plaintiff moved for an extension of time to file objections, stating that he never received a copy of the R&R [38]. This Court filed an order vacating that judgment and granting the extension on June 23, 2015 [51], and Plaintiff filed his

3

objections on July 8, 2015 [52]. However, prior to that order, Plaintiff had appealed the judgment in favor of Defendants [46] to the Sixth Circuit [48].

In an order dated October 5, 2015, the Sixth Circuit declared that the District Court lacked jurisdiction to act when it filed the order vacating the judgment and granting the extension, so the Sixth Circuit remanded the case to the District Court to take action on Plaintiff's pending motions. Following the Order from the Sixth Circuit, Plaintiff filed a Motion to Amend his Objection to the R&R [54] on October 14, 2015 and a Motion for Temporary Restraining Order and Preliminary Injunction [55] on October 22, 2015. On October 30, 2015 the Court filed an Order vacating its adoption of the R&R and the judgment on the case, and granting Plaintiff's Motion to extend [56].

## 1. MOTION TO AMEND [55]

Plaintiff filed a first set of objections to the R&R on July 8, 2015 [52]. The Court received a mandate from the Sixth Circuit to address pending Motions on October 5, 2015 [58]. On October 14, 2015, Plaintiff filed a Motion to Amend his Objections to the R&R [54]. Plaintiff filed new objections to the R&R on November 10, 2015 [57]. Because Plaintiff has filed new objections to the R&R, Plaintiff's Motion to Amend is **DENIED as moot**.

## 2. REPORT AND RECOMMENDATION [38]

On June 4, 2014, an Order was issued granting Defendants' Motion to Stay Discovery predicated upon Defendants' assertion of qualified immunity [27]. This stay was issued so the Magistrate-Judge could determine whether Plaintiff has a viable legal theory on which to proceed under Rule 12(b)(6). On February 17, 2015, an R&R [38] was filed, recommending that Defendant's Motion for Summary Judgment [28] be granted and that the Motion for Summary Judgment as to the Original Complaint [15] be denied as moot, because Plaintiff had failed, under Rule 12(b)(6), to allege a plausible constitutional violation, entitling Defendants to qualified immunity. Plaintiff filed objections to this R&R on November 10, 2015 [57].[1]

### a. STANDARD OF REVIEW

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. § 636(b)(1)(c). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of establishing that there are no genuine

---

[1] Since Plaintiff has filed new objections following entry of the order vacating the previous Order and Judgment adopting the R&R, the Court will look to the objections filed most recently [57] in regards to this Order.

5

issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must construe the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law."  *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

### b.  OBJECTIONS SURROUNDING THE RETALIATION CLAIM:

Plaintiff incurred a misconduct charge, which he alleges is false and led to a loss of five days of privileges, a threat of thirty days of lost privileges, a loss of a security classification point reduction, and had a negative impact on his parole hearing which was conducted two months after charge was asserted. Plaintiff objects to the R&R's conclusion that this charge was not an adverse action. He contends that, while his co-representatives suffered worse consequences from their misconduct

charges, his consequences, while perhaps not egregious, still qualify as adverse action.

A retaliation claim has three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted). The R&R concludes that Plaintiff's retaliation claim fails at the second step or, in the alternative, fails at the third step. The Court agrees with the Magistrate-Judge. A misconduct ticket, as described in MDOC's Policy Directive 03.03.105 [15-2], has possible sanctions that are limited to: top lock not to exceed 5 days; loss of privileges not to exceed 15 days; assignment of extra duty not to exceed 20 hours; and counseling and reprimand. Importantly, an inmate does not lose disciplinary credits as the result of a Class II conviction, and there is no future risk of major, significant sanctions such as losing good time credit.

The Sixth Circuit has held that these types of sanctions do not qualify as "adverse action" that would deter a person from continuing to engage in that conduct. *See e.g. Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004) (citing *Thaddeus-X*, 175 F. 3d at 397-97) (14 day loss of privileges is not an adverse action). Further, there is no future risk incurred of possible significant sanctions that might rise to the

7

level of adverse action, such as a loss of good time or disciplinary credits or punitive segregation. *Brown v. Crowley*, 312 F.3d 782, 789 (6th Cir. 2002).

Plaintiff relies upon Sixth Circuit decisions to support his contention that it is not necessary for an act of retaliation to be egregious to be adverse. However, all the case law cited supports the Magistrate-Judge's conclusion, because all of the acts found to be adverse followed a *major* misconduct charge rather than the *minor* charge suffered by Plaintiff in this case and, thus, do not support a finding of adverse action in this case. *See e.g. Scott v. Churchill*, 377 F. 3d 565 (6th Cir. 2004) (major misconduct charge); *Brown v. Crowley*, 312 F. 3d 782 (6th Cir. 2002) (major misconduct charge and possible risk of punitive segregation); *LaFountain v. Harry*, 716 F. 3d 944 (6th Cir. 2013) (major misconduct violation that entailed a loss of good time credits).

Plaintiff claims that denial of his right to serve as a Warden's Forum Representative is an adverse action. The Court agrees. The R&R correctly observes that prison employment is not a constitutionally protected right. *See Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003). However, characterization of a right as constitutionally protected or not does not determine whether an action is adverse in a retaliation claim and "[c]onduct that does not independently violate the Constitution can form the basis for a retaliation claim…if done with an improper retaliatory motive." *Uduko v. Cozzens*, 975 F. Supp. 2d 750, 761 (E.D. Mich. 2013) (citing

8

*Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir.2005). In fact, the Sixth Circuit found removal from a Warden's Forum position qualified as an adverse action in a previous case. *Newsom v. Norris*, 888 F.2d 371, 372 (6th Cir. 1989) (this case has been called into question on other grounds by *Pickelhaupt v. Jackson*, 364 F. App'x 221, 226 (6th Cir. 2010)). The Court disagrees with this analysis of the R&R and finds that a person would likely be deterred from taking action if they thought they would lose their Warden's Forum position.

Therefore, the Court must advance to Step 3 when determining whether there is a valid retaliation claim surrounding the loss of the Warden's Forum position. Plaintiff must show that there was a causal connection by showing that the "adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X* 175 F.3d at 394 (1999). The R&R concludes Plaintiff's claims fail this causation test because:

> (1) Plaintiff was found guilty of the misconduct, and (2) he has pled no facts that would plausibly show that notwithstanding the finding of guilt, the Defendants' motivation was retaliatory, or that Plaintiff had no opportunity to defend himself [38].

The R&R points to the "checkmate" doctrine relied upon in 16 unpublished opinions from the Sixth Circuit. According to this doctrine, a "finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim." *Burton v. Rowley*, 234 F.3d 1267, *2 (6th Cir.

9

2000)(Table)(*quoting Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994); *see also Patterson v. Godward*, 505 Fed.App'x 424 (6th Cir. 2012); *Jackson v. Madery*, 158 Fed.App'x 656, *5 (6th Cir. 2005); *Clemons v. Cook*, 52 Fed.App'x 762, *2 (6th Cir. 2002); *Lewis v. Randle*, 66 Fed.App'x 560, *1 (6th Cir. 2003); *Ruiz v. Bouchard*, 60 Fed.App'x 572 (6th Cir. 2003); *Clemons v. Cook*, 52 Fed.App'x 762 (6th Cir. 2002); *Lewis v. Turner*, 16 Fed.App'x 302 (6th Cir. 2001);

*McKinley v. Bowlen*, 8 Fed.App'x 488 (6th Cir. 2001); *Wilson v. Wellman*, 238 F.3d 426 (6th Cir. 2000)(Table); *Robinson v. Shewalter*, 238 F.3d 423 (6th Cir. 2000)(Table); *Owens v. Johnson*, 221 F.3d 1335 (6th Cir. 2000); *Knuckles-El v. Bengtson*, 202 F.3d 267 (6th Cir. 1999)(Table); *Mujihad v. Harrison*, 172 F.3d 49 (6th Cir. 1998)(Table); *Harris-Debardelaben v. Johnson*, 121 F.3d 708 (6th Cir. 1997); *Murray v. U.S. Bureau of Prisons*, 105 F.3d 401 (6th Cir. 1997)(Table). The R&R acknowledges that this Court has declined to apply the "checkmate" doctrine to the facts as presented in the record in *Wagner v. Randall*, 2014 WL 4843686 (E.D. Mich. 2014) (Tarnow, J.). Plaintiff avers in his objection that his retaliation claim is not checkmated because he did not receive a fair hearing.

It is unnecessary for the Court to take a stance on the checkmate doctrine in this case because, as the R&R argues, Plaintiff has failed to state a claim of retaliation. The retaliation claim is based solely upon conclusory allegations and is bereft of any facts that would establish a showing that Defendants were motivated by

a retaliatory motive. The sum and substance of Plaintiff's pleading in support of his retaliation claim is that:

> Defendant CO Frost would not have written a Class II misconduct for disobeying a direct order if Plaintiff hadn't pressed the issue about a unit representative position with his superiors and then filed a grievance [18 at ¶IV, 12].

To survive a Motion to Dismiss, claims of retaliation may not be conclusory, and unsupported by any facts or evidence. *Kensu v. Haigh*, 87 F.3d 172, 175-76 (6th Cir. 1996). The Court, in response to Plaintiff's second objection, is accepting, as it must, the truth of all Plaintiff's factual allegations. However, Plaintiff's fails to allege any support for his claim of retaliation, and there must be at least some factual support beyond a conclusory statement, even in *pro se* prisoner complaints. Therefore, Plaintiff's objections concerning the retaliation claim are overruled.

### c. OBJECTIONS REGARDING THE DUE PROCESS CLAIMS

Plaintiff brings procedural due process claims against Defendant McConnell, the hearings officer, and Defendant Campbell, who upheld the administrative finding of guilt on appeal. Plaintiff also brings a substantive due process claim against Defendant Frost for allegedly issuing a false misconduct ticket and lying at the hearing.

Plaintiff objects that a "retaliatory due process violation does not require a showing of "an atypical and significant hardship," citing *Sandin v. Conner,* 515 U.S.

11

472 (1995) as support for his contention. The Court disagrees. To successfully plead a federal procedural due process claim, there must be a protected liberty or property interest. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007), *citing Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972). According to *Sandin*, a prisoner has a liberty interest in disciplinary proceedings if the sanction faced by the inmate amounts to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995).

Plaintiff asserts that, as established in *Ortiz v. Voinovich*, 211 F. Supp. 2d 917, 928-29 (S.D. Ohio 2002), a retaliatory due process violation does not require a showing of "atypical and significant hardship." Contrary to Plaintiff's objection, this standard is the same for a retaliatory due process claim. *Ortiz v. Voinovich* states that a prisoner's placement in segregation was an atypical and significant hardship because, under the facts pled in that case, the prisoner was placed in segregation in retaliation for reporting a sexual assault without a hearing. *Ortiz v. Voinovich*, supra, 211 F. Supp. 2d at 928-29 (S.D. Ohio 2002) (*rev'd and remanded on other grounds*). However, the decision in that case is based on a factually rich complaint, thus distinguishing it from Plaintiff's claims. In that case, the due process claims survived a Motion to Dismiss because, as the Court stated, "[i]t is not an ordinary incident of prison life for a person claiming to be the victim of sexual assault by a prison guard

12

to be thrown into 'the hole' for no reason other than the fact she reported the assaults to prison officials." *Ortiz*, 211 F. Supp. 2d 917.

The Court agrees with the Magistrate-Judge that the procedural due process claims should be dismissed. Plaintiff had a hearing, an appeal and received sanctions from his Class II misconduct that were not atypical and significant hardships. Plaintiff did not plead any supporting facts to support his retaliation claim, thus all that may be analyzed in terms of whether there is a due process liberty interest in his hearing concerns the sanctions he suffered. It is clear from precedent that a punishment that does not affect the duration of confinement does not amount to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See e.g. Wilson v. Wellman*, 238 F.3d 426 (6th Cir. 2000); *Green v. Waldren*, 221 F.3d 1334 (6th Cir. 2000).

The Court also agrees with the Magistrate-Judge that the substantive due process claims should be dismissed. Plaintiff objects that issuing and upholding a false misconduct charge with retaliatory motives shocks the judicial conscience, citing *Brown v. Crowley* for this proposition. 312 F. 3d 782, 789 (6th Cir. 2002). However, the question of whether the "shocks the conscience" standard should be used here is not relevant, because Plaintiff's claim fails to implicate a cognizable liberty interest and therefore Plaintiff's objection must be overruled.

13

Liberty interests are implicated when a sanction imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. at 486 . In the Sixth Circuit, "the nature and duration of an inmate's segregation" and "whether the segregation will affect the overall duration of the inmate's sentence" are factors that implicate liberty interests. *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Because the sanctions suffered by Plaintiff do not implicate any of those factors, the substantive due process claims should also be dismissed.

### d. CONCLUSION

The Court, having reviewed the record in this case, the R&R [38] of the Magistrate Judge's findings is hereby **ADOPTED** and the Court adopts the findings of the R&R as the findings and conclusions of the Court.

## 3. PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [50]

The Court may authorize the commencement of a suit "without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets . . . [indicating] that the person is unable to pay such fees or give security therefore" as well as a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from

the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C.A. § 1915(a)(1); (2).

The Court has reviewed Plaintiff's financial affidavit, account statement, and signed authorization to withdraw funds. Having considered these items, the Court grants Plaintiff's application to proceed in forma pauperis.

## 4. PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [55]

"A preliminary injunction is reserved for only the most egregious case, and should not be extended to cases which are doubtful or do not come within well-established principles of law." *Bonnell v. Lorenzo*, 241 F.3d 800, 826 (6th Cir. 2001). The moving party has the "burden of proving that the circumstances clearly demand [an injunction]." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). When a prisoner seeks injunctive relief against state prison officials, a court must apply the restraints of federalism, and if relief is granted, it must be "no broader than necessary to remedy the constitutional violation." *Kendrick v. Bland*, 740 F.2d 432, 437 (6th Cir. 1984).

When evaluating a motion for preliminary injunction, the Court must consider four factors:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury

15

without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Bonnell*, 241 F.3d at 809 (quoting *Rock & Roll Hall of Fame v. Gentile Prods*, 134 F.3d 749, 753 (6th Cir. 1998)).  No single factor is controlling of the outcome, although if "there is simply no likelihood of success on the merits" that is usually "fatal."

*Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Plaintiff's TRO Motion alleges that he has been unable to obtain a sufficient supply of white typing paper to draft legal documents. Because Plaintiff filed his objections to the Report and Recommendation on white typing paper after the TRO was filed, Plaintiff cannot show that he will suffer irreparable injury without the injunction. Therefore, the Motion for TRO and Preliminary Injunction is **DENIED**. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment [28] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment as to the Original Complaint [15] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Objection to the Report and Recommendation [54] is **DENIED as moot.**

16

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed without Prepaying Fees or Costs [50] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [55] is **DENIED without prejudice.**

**SO ORDERED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: January 22, 2016                    Senior United States District Judge

17