UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

               Plaintiff,                          No. 14-10244

v.                                    District Judge Arthur J. Tarnow
                                    Magistrate Judge R. Steven Whalen

JACK FROST, ET AL.,

               Defendants.

_____/

**REPORT AND RECOMMENDATION**

On January 17, 2014, Plaintiff Robert Annabel, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983 [Doc. #1].  Plaintiff filed a motion for leave to amend his complaint, along with a proposed amended complaint, on April 8, 2014 [Doc. #17 and #18].  On June 23, 2014, I granted leave to amend, ruling that the amended complaint [Doc. #18] "shall be the operative complaint in this case."

Before the Court at this time is Plaintiff's Motion for TRO and Preliminary Injunction [Doc. #69], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be DENIED.

## I.   FACTS

Plaintiff raised the following claims in his amended complaint:

(1) That all Defendants retaliated against him, in violation of his First Amendment right to file a grievance and "for his exercise of the right to freedom of speech on behalf of himself and other prisoners."

(2) That Defendant Frost violated substantive due process by issuing a false misconduct charge.

(3) That Defendant McConnell violated procedural due process at the misconduct hearing.

(4) That Defendant Campbell violated due process by upholding McConnell's "false and unsupported findings."

The Plaintiff names the following individual Defendants: Steven Kindinger, S. Campbell, J. Eaton, and K. McConnell.  He does not name or make any allegations against the MDOC.

On January 22, 2016, the Court, adopting my previous Report and Recommendation, granted Defendants' motion for summary judgment [Doc. #59].[1]  The Court also denied Plaintiff's previous motion for temporary restraining order ("TRO") and preliminary injunction, in which Plaintiff claimed irreparable harm to his First

---

[1] While the Defendants' motion was titled "motion for summary judgment," it was analyzed under Fed.R.Civ.P. 12(b)(6), and the Sixth Circuit also applied a Rule 12(b)(6) analysis.

Amendment right of access to the courts because he did not have access to a sufficient supply of white paper on which to type his legal pleadings.[2]  On September 21, 2016, the Sixth Circuit reversed in part, vacating the dismissal of Plaintiff's First Amendment retaliation claim but affirming the dismissal of the due process claims [Doc. #63].

In his current motion for injunctive relief, Plaintiff again claims interference with his right to access the courts.  First, he alleges that his legal mail is being withheld, in violation of MDOC policies.  In addition, he claims that he is being denied access to the prison law library.  Plaintiff states that he "seeks a preliminary injunction against third party Michigan Department of Corrections and all of its employees." *Motion* [Doc. #69], Pg. ID 747.

## II.   STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, including a TRO, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be

---

[2] In denying a TRO, the Court stated:

"Plaintiff's TRO Motion alleges that he has been unable to obtain a sufficient supply of white typing paper to draft legal documents.  Because Plaintiff filed his objections to the Report and Recommendation on white typing paper after the TRO was filed, Plaintiff cannot show that he will suffer irreparable injury without the injunction."  Doc. #59, Pg. ID 712.

served by issuing the injunction.  *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002);  *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*).  "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate.  "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000);  *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to injunctive relief, and their burden is a heavy one.  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Overstreet , supra,* at 573.  "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).   In other words, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to

injunctive relief.

## III.   DISCUSSION

First, Plaintiff has no likelihood of success on the merits.  He seeks a preliminary injunction against the MDOC, which is not a party to this lawsuit, and over which this Court has no jurisdiction.  His only remaining claim against the individual Defendants is retaliation.  He has not raised the issue of denial of access to the courts.  In addition, even if his motion were construed to apply to the named Defendants, those individuals are employed at the Gus Harrison Facility, where the events giving rise to the complaint are alleged to have occurred.  Plaintiff has since been transferred to the Ionia Maximum Correctional Facility.  This renders any request for injunctive relief against the named Defendants moot.  *See Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996).

Nor has Plaintiff carried his burden of showing irreparable harm to his ability to pursue this case.  A review of the docket entries in this case shows that Plaintiff has actively and aggressively litigated this action, filing his own motions and responding to the Defendants' motions timely and comprehensively.  This belies any claim that he is not properly receiving his legal mail or that he does not have adequate access to legal materials.  And he has litigated successfully, winning a remand from the Sixth Circuit.

Finally, as to the third and fourth factors, it is neither in the interest of the MDOC nor the public for this Court to micro-manage the day-to-day operations of the prison.  It is generally up to "prison administrators...and not the courts...[to] make the difficult

judgments concerning institutional operations." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Defendants point out that Plaintiff is housed in a maximum security prison, and they

correctly note that the MDOC "can place reasonable restrictions on his access to the law

library." *Defendants' Response* [Doc. #71], Pg. ID 767.  And we can assume that any

restrictions are reasonable because Plaintiff has clearly shown that he retains the ability to

actively and effectively pursue his case.

In short, Plaintiff has not met his substantial burden of showing entitlement to

injunctive relief, and his motion should therefore be denied.

## IV.   CONCLUSION

I recommend that Plaintiff's Motion for TRO and Preliminary Injunction [Doc.

#69] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen

(14) days of service of a copy hereof, including weekends and intervening holidays, as

provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file

specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,*

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932

F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of

objections which raise some issues but fail to raise others with specificity will not

preserve all the objections a party might have to this Report and Recommendation.  *Willis*

*v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local*

*231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy

of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed

objections, including weekends and intervening holidays, the opposing party may file a

response. The response shall be not more than twenty (20) pages in length unless by

motion and order such page limit is extended by the court. The response shall address

specifically, and in the same order raised, each issue contained within the objections.

s/R.  Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 25, 2017

## CERTIFICATE OF SERVICE

I hereby certify on July 25, 2017, that I electronically filed the foregoing paper
with the Clerk of the Court sending notification of such filing to all counsel registered
electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF
participants on July 25, 2017.

s/Carolyn Ciesla
Case Manager to
Magistrate Judge R. Steven Whalen