UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

       Plaintiff,                                    No. 14-10244

v.                                               District Judge Arthur J. Tarnow
                                                    Magistrate Judge R. Steven Whalen

JACK FROST, ET AL.,

       Defendants.

_____ /

**ORDER**

Plaintiff Robert Annabel, a *pro se* prison inmate in the custody of the Michigan Department of Corrections, has filed a Motion for Recusal of Magistrate Judge R. Steven Whalen [Doc. #115], pursuant to 28 U.S.C. §§ 144 and 455.

28 U.S.C. § 455 provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Under § 455, a judge must sua sponte recuse himself if he *423 knows of facts that would undermine the appearance of impartiality." *Youn v. Track, Inc*., 324 F.3d 409, 422-23 (6th Cir. 2003), citing *Liteky v. United States*, 510 U.S. 540, 547-48 (1994).

28 U.S.C. § 144 states:

> "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

"Under § 144 a judge must recuse himself or herself if one of the parties alleges facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party. *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir.1983).

'[C]onclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification.' *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987) (citation omitted)." The alleged bias must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). "It is well settled that sections 144 and 455 'must be construed in pari materia' and 'that disqualification under section 455(a) must be predicated as previously under section 144, upon extrajudicial conduct rather than on judicial conduct.'" *United States v. Story*, 716 F.2d at 1091.

In this case, Plaintiff offers no basis for questioning my impartiality other than his disagreement with my specific rulings in specific motions and judicial conduct in general.[1] Contrary to the extrajudicial source doctrine set forth in the above cases, Plaintiff improperly attempts to infer bias from adverse judicial rulings and case management.[2] Moreover, while many cases suffer delays for various reasons, any delays

---

[1] Plaintiff's motion was "verified" under 28 U.S.C. § 1746. Construing this as a affidavit, it is insufficient under § 144 because it does not allege bias resulting from an extrajudicial source. Therefore, it is not required that another judge be designated to review this motion. Nevertheless, if Plaintiff is dissatisfied with the denial of his motion, his remedy is to file a timely objection, in which case Judge Tarnow will review the matter.

[2] Plaintiff also appears to misunderstand some of those rulings. For example, he makes much of my recommendation that his motion for injunctive relief be denied because, among other things, he has "no likelihood of success on the merits." Plaintiff confuses likelihood of success on the merits of *his underlying claims*, which the Sixth Circuit found would survive a Rule 12(b)(6) dismissal, and likelihood of his success on his claim for injunctive relief. I found the latter to lack merit both on the basis that the Court did not have personal jurisdiction over non-party Michigan Department of Corrections, and that if Plaintiff's motion was directed at the named Defendants, the request for injunctive relief would be moot because of his transfer. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996).

in this case have neither been extraordinary nor prejudicial.[3]

Accordingly, Plaintiff's Motion for Recusal of Magistrate Judge R. Steven Whalen [Doc. #115] is DENIED.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: September 13, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 13, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen

---

The Plaintiff also criticizes my "mischaracterization" of the Defendants' first motion (the ruling of which was partially reversed by the Sixth Circuit) as a Rule 12(b)(6) motion rather than a summary judgment motion, suggesting that the Sixth Circuit ruled on it as a summary judgment motion. This is mystifying, since the Sixth Circuit began its analysis by stating the standard of review as follows: "We review a district court's dismissal of a complaint under Rule 12(b)(6) de novo." *Opinion*, Doc. #63, Pg. ID 720. The Sixth Circuit went on to review the sufficiency of the complaint under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the Supreme Court set forth the pleading standards under Rule 12(b)(6).

[3] A separate scheduling order has been entered.