UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ANNABEL, | Case No. 14-10244 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| JACK FROST, ET AL., | U.S. MAGISTRATE JUDGE |
| | R. STEVEN WHALEN |
| Defendants. | |

**ORDER OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS [117, 118, 133] TO MAGISTRATE JUDGE'S ORDERS [105, 106, 108, 126]; REQUIRING THAT PLAINTIFF BE PROVIDED WITH A COPY OF HIS DEPOSITION TRANSCRIPT; AND PROVISIONALLY GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL [80]**

Plaintiff Robert Annabel has filed several objections to the Magistrate Judge's orders. For the reasons stated below, the Court **OVERRULES in part and SUSTAINS in part** Plaintiff's objections. Furthermore, the Court orders that Plaintiff be provided with a copy of his deposition transcript. Finally, the Court provisionally **GRANTS** Plaintiff's Motion to Appoint Counsel.

### PROCEDURAL HISTORY

Plaintiff filed a Motion for Appointment of Counsel [80] on January 31, 2017. Defendants filed a Motion for Leave to Take the Deposition of the Plaintiff [83] on February 7, 2017. Plaintiff filed a Motion to Strike Defendants' Motion for Leave to Depose [85] on February 22, 2017.

1

On July 25, 2017, the Magistrate Judge denied Plaintiff's Motion for Appointment of Counsel [105] and granted Defendants' Motion for Leave to Take Deposition of Plaintiff [106]. On July 30, 2017, the Magistrate Judge denied Plaintiff's Motion to Strike [108].

On August 8, 2017, Plaintiff filed objections[1] [117, 118] to orders [105, 106, 108].

Plaintiff filed a Motion for Recusal of Magistrate Judge [115] on August 15, 2017. On September 13, 2017, the Magistrate Judge denied Plaintiff's Motion for Recusal [126]. Plaintiff filed Objections [133] to the Order on September 28, 2017.

On October 3, 2017, the Sixth Circuit held that it does not have jurisdiction over appeal Nos. 17-1927 and 17-1928 (the objections raised in Appeal of Magistrate Judge Decision [117, 118]). *Annabel v. Frost*, No. 15-1518, (6th Cir. Oct. 3, 2017).

**STANDARD OF REVIEW**

When a litigant objects to a magistrate judge's ruling on a non-dispositive pretrial matter, the court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard does not permit a district court to reverse the magistrate judge's finding simply because it would have decided the issue differently.

---

[1] Plaintiff filed the objections as "Appeal of Magistrate Judge Decision."

2

*Anderson v. City of Bessemer*, *N.C.*, 470 U.S. 564, 573 (1985). Rather, a "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

ANALYSIS

I.   **Plaintiff's Objections to Discovery Orders**

In their Motion to Take Deposition [83], Defendants argued that they are entitled to take Plaintiff's deposition because Plaintiff alleged that Defendants retaliated against them in violation of the First Amendment.

In response, Plaintiff argued that Defendants are not entitled to take his deposition and that the Motion was "Mr. Thurber's latest act to relentlessly harass Plaintiff." [Dkt. #85 at 1]. Should the Court decide to order the deposition, Plaintiff requested to: have the deposition supervised on live video "so that a federal judge can restrain harassing or unfair tactics, and also rule immediately upon Plaintiff's objections;" be permitted to "depose all five defendants;" and receive a deposition transcript. *Id.* at 2-3.

The Magistrate Judge granted Defendants' Motion and denied Plaintiff's Motion. [Dkt. #106; #108]. The Magistrate Judge explained that "any defendant, including these Defendants, get to depose a plaintiff." [Dkt. #108]. The Magistrate

Judge further explained that "[b]ecause Plaintiff is incarcerated, leave of the court is required to take his deposition" under Fed. R. Civ. P. 30(a)(2). *Id.*

In the aforementioned orders, the Magistrate Judge did not rule on Plaintiff's additional requests.

Plaintiff objects to the orders on three grounds:

> Objection 1: The Court's orders failed to rule on Plaintiff's request to bilaterally depose defendants;
>
> Objection 2: While Plaintiff agreed to deposition itself, he requested other protective orders; and
>
> Objection 3: Plaintiff is entitled to a copy of the deposition transcripts.

[Dkt. #118].

On October 6, 2017, the Magistrate Judge addressed Objection 2 in its Order denying Plaintiff's Motion for Deposition Protective Order [138]. The Magistrate Judge explained:

> The deposition will be accurately recorded by a court reporter, and there will be a certified transcript of the proceedings. If Plaintiff has any objections during the course of the deposition, he may place those objections on the record.

Plaintiff did not object to the Order [138]. Moreover, even if Plaintiff had filed such an objection to the Order, the Court holds that the Magistrate Judge's ruling was not clearly erroneous. Accordingly, Objection 2 is overruled.

However, Objections 1 and 3 are sustained. Based on the Court's review of the docket, it appears as though Plaintiff is correct in noting that the Magistrate Judge did not rule on Plaintiff's requests to "bilaterally depose defendants" (Objection 1) and to receive a copy of his deposition transcript (Objection 3).

With respect to Plaintiff's request to depose five defendants, Plaintiff may file a separate motion setting forth his argument as to why he should be authorized to take their depositions. Should Plaintiff elect to file such a motion, the Magistrate Judge will review the motion, and Defendants' response, in due course.

In addition, the Court grants Plaintiff's request to receive a copy of his deposition transcript without costs. Plaintiff, a prisoner proceeding in forma pauperis, is entitled to a copy of his deposition transcript in order to effectively litigate his claim. *See Bounds v. Smith*, 430 U.S. 817, 824–25 (1977) (explaining that "[s]tates [should] shoulder affirmative obligations to assure all prisoners meaningful access to the courts . . . . [and] must forgo collection of docket fees otherwise payable to the treasury and expend funds for transcripts.").

**II.    Plaintiff's Objection to Order Denying Motion for Appointment of Counsel**

In his Motion for Appointment of Counsel [80], Plaintiff argued that the Court should appoint counsel on his behalf because Defendants are engaging in unfair litigation strategy and denying him access to the courts. [Dkt. #80 at 5]. Plaintiff further maintains that the Sixth Circuit "already found merit for this case

5

to proceed to jury trial." *Id.* at 6. Finally, Plaintiff submits that Defendants' "lawless and corrupt rampage" constitutes "extraordinary circumstances" that justify appointment of counsel in this case. *Id.* at 11.

The Magistrate Judge noted that there is no constitutional right to appointment of counsel in civil cases and denied Plaintiff's Motion as premature, explaining that "it is the practice of this Court to defer any attempt to obtain counsel for pro se civil rights Plaintiffs until after motions to dismiss or motions for summary judgment have been denied." [Dkt. #105].

Plaintiff's Objection [117] to the Order states: "Boilerplate language denying appointment simply because defendants may file yet another motion for summary judgment is an abuse of discretion."

Plaintiff relies on *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997), in which the Second Circuit held that the "district court's automatic denial of Hendricks' request for appointment of counsel because the case had not survived a dispositive motion constituted an abuse of discretion under Section 1915(e)." Plaintiff also cites to *Pruitt v. Mote*, 503 F.3d 647, 660 (7th Cir. 2007), in which the Seventh Circuit held that the district court "abused its discretion in denying in

forma pauperis prisoner's motion for pro bono counsel without analyzing whether prisoner was competent to litigate his claims."[2]

The Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court."). Although there is no right to counsel in a prisoner's civil case, counsel may be appointed in exceptional cases. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

Where a prisoner, proceeding *pro se*, has made a colorable claim but lacks the means to adequately investigate, prepare or present it, exceptional circumstances exist. *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (holding that the Magistrate Judge's order denying appointment of counsel was clearly erroneous).

But, appointment of counsel is inappropriate ". . . when a *pro se* litigant's claims are frivolous or when the chances of success are extremely slim." *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (internal citations omitted).

Much of Plaintiff's Motion [80] consists of offensive remarks about Defendants and their counsel. However, setting aside Plaintiff's baseless opinions,

---

[2] The Sixth Circuit has explicitly declined to adopt the test set forth in *Pruitt* for assessing motions for counsel. *See Cleary v. Mukasey*, 307 Fed. App'x 963, 966 (6th Cir. 2009).

the Court recognizes Plaintiff's overarching request for assistance in litigating a complex issue of constitutional law. Although the cases on which Plaintiff relies are not binding on this Court, the Court finds them instructive nonetheless.

In this case, Plaintiff has presented a colorable (and plausible) claim, which is shown by his ability to survive appellate review of Defendants' Motion for Summary Judgment [28].[3] *See Annabel v. Frost*, No. 15-1518 (6th Cir. Sep. 21, 2016) (holding that Plaintiff's "allegations, coupled with the temporal proximity between [his] grievance and the misconduct charge, sufficiently stated a plausible First Amendment retaliation claim."). Accordingly, Plaintiff has demonstrated that his First Amendment retaliation claim is not frivolous. Because Plaintiff's "surviving claim potentially has merit," and Plaintiff would benefit from the assistance of counsel, "the Court will grant [his] motion to appoint counsel." *Johnson v. Clafton*, 136 F. Supp. 3d 838, 847 (E.D. Mich. 2015).

### III. Plaintiff's Objections to Order Denying Motion for Recusal

In his Motion for Recusal of the Magistrate Judge [115], Plaintiff argued that the Magistrate Judge should recuse himself for bias against a litigant pursuant to 28 U.S.C. § 144 and § 455.

---

[3] Defendants described their motion as a "Motion for Summary Judgment;" however, this Court and the Sixth Circuit analyzed the Motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

In its Order denying Plaintiff's Motion, the Magistrate Judge explained that Plaintiff offered "no basis for questioning [his] impartiality other than [Plaintiff's] disagreement with [his] specific ruling in specific motions and judicial conduct in general." [Dkt. #126 at 2].

Plaintiff objects to the Order on five grounds:

> Objection 1: The Supreme Court has held that the 'extrajudicial source' doctrine is not a prerequisite to grounds for recusal;
>
> Objection 2: MJ R. Steven Whalen is predisposed to have this case dismissed again and has unduly delayed and hindered the proceedings;
>
> Objection 3: MJ Whalen refuses to accept the res judicata of the Court of Appeals findings;
>
> Objection 4: MJ Whalen refuses to rule on allegations of Attorney John L. Thurber's misconduct; and
>
> Objection 5: MJ Whalen's prior statements are not entitled to isolated interpretations.

[Dkt. #133 at 1-2].

None of Plaintiff's objections has merit. Plaintiff's objections consist of unfounded, and unwarranted, accusations against the Magistrate Judge. The Magistrate Judge correctly noted that Plaintiff's attempt to infer bias from adverse judicial rulings and case management was improper. Plaintiff's disagreement with the Magistrate Judge's rulings does not warrant recusal. Accordingly, Plaintiff's objections are overruled.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Objections [118] are **OVERULED in part** and **SUSTAINED in part**.

**IT IS FURTHER ORDERED** that Plaintiff be provided with a copy of his deposition transcript.

**IT IS FURTHER ORDERED** that Plaintiff's Objection [117] is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Plaintiff is provisionally appointed counsel. The Court has sent a request for pro bono counsel to represent Plaintiff. If no attorney agrees to represent Plaintiff pro bono, he will be required to proceed without counsel.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [133] are **OVERRULED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: December 28, 2017    Senior United States District Judge

10