UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

             Plaintiff,                          No. 14-10244

v.                                    District Judge Arthur J. Tarnow
                                          Magistrate Judge R. Steven Whalen

JACK FROST, ET AL.,

             Defendants.

_____ /

**OPINION AND ORDER**

Before the Court is Plaintiff Robert Annabel's Renewed Motion for Appointment

of Expert Witness [Doc. #188]. He seeks the appointment of a "forensic document

examiner," at Defendant Eaton's expense, to ascertain if Eaton forged a copy of

Plaintiff's grievance.

On February 16, 2017, Plaintiff filed a previous motion requesting discovery and

the appointment of an expert, also alleging that Eaton forged grievance documents [Doc.

#84]. On September 30, 2017, the Court granted in part Plaintiff's motion to compel

discovery of misconduct reports and parole documents, but denied the motion "in all

other respects," including the Plaintiff's request for appointment of an expert [Doc.

#134]. On November 16, 2017, Plaintiff filed another motion for appointment of a

handwriting expert [Doc. #148], but following the appointment of *pro bono* counsel,

withdrew that motion [Doc. #179].

Plaintiff's motion will be denied for two reasons. First, it is, in effect, a motion for

reconsideration of this Court's September 30, 2017 order denying the appointment of an

expert. Motions for reconsideration are governed by E.D. Mich. Local Rule 7.1(g)(3),

-1-

which provides:

> (3) *Grounds*. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

A motion for reconsideration "must be filed within 14 days after entry of the...order." E.D. Mich. L.R. 7.1(h)(1). Here, the Plaintiff filed his motion well outside the 14-day period. In addition, Plaintiff has offered nothing to show a "palpable defect" by which the Court was misled when it denied the original motion, but rather presents the same issues and arguments that formed the basis of the original motion.

Secondly, even if the present motion were considered *de novo*, Plaintiff has not shown entitlement to the extraordinary remedy of a court-appointed expert, paid for by a defendant. In *Dorise v. Cummings*, 2009 WL 3462621, at *1 (E.D. Mich. Oct. 23, 2009), the Court explained as follows:

> "As this Court has recognized, the use of court-appointed experts is relatively infrequent and most judges 'view the appointment of an expert as an extraordinary activity that is appropriate only in rare instances.' *Tangwall v. Robb*, 2003 WL 23142190 (E.D.Mich.2003), quoting, Joe S. Cecil & Thomas E. Willging, Court–Appointed Experts: Defining the Role of Experts Appointed Under Federal Rule of Evidence 706, 4–5 (Fed. Jud. Center 1993). Indeed, the Court should appoint an expert only in the most 'compelling' of circumstances. *Id*., citing, *Applegate v. Dobrovir, Oakes & Gephardt*, 628 F.Supp. 378, 383 (D.D.C.1985)."

*See also U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984), where the Court "strongly emphasize[d] that this discretionary power is to be exercised only under compelling circumstances." Here, Plaintiff argues that if a forensic examiner were to find that Defendant Eaton forged a document (and Plaintiff has shown no substantial predicate basis to support a theory of forgery), that fact could be used for impeachment. Yet Plaintiff also claims that he "has an overwhelming amount of direct evidence of

defendant['], dishonesty," *Motion*, at 4, Pg. ID 2141, which suggests that he already has the ammunition for impeachment.

For these reasons, Plaintiff's motion for appointment of an expert witness [Doc. #188] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 9, 2018

## CERTIFICATE OF SERVICE

I hereby certify on October 9, 2018, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 9, 2018.

s/Carolyn Ciesla
Case Manager to
Magistrate Judge R. Steven Whalen