UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

      Plaintiff,                                               No. 14-10244

v.                                                      District Judge Arthur J. Tarnow
                                                        Magistrate Judge R. Steven Whalen

JACK FROST, ET AL.,

      Defendants.
_____/

## ORDER DENYING RECONSIDERATION

On October 9, 2018, the Court entered an order [Doc. #195] denying Plaintiff's motion for appointment of an expert witness [Doc. #188]. The following day, October 10, 2018, Plaintiff filed a reply brief in support of his motion [Doc. #196]. Before the Court at this time is Plaintiff's motion for reconsideration of the October 9th order denying appointment of an expert [Doc. #200].

Motions for reconsideration are subject to E.D. Mich. L.R. 7.1(g)(3), which provides:

> "(3) *Grounds*. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

In the present motion for reconsideration, as well as in his October 10th reply brief, Plaintiff suggests that the Court's previous order denying appointment of an expert [Doc. #134] was "without prejudice," and therefore his subsequent motion cannot be considered an untimely motion for reconsideration.

Plaintiff is correct that the Court's October 9th order relied in part on the theory that Plaintiff's motion was, in effect, a motion for reconsideration of the previous order denying appointment of an expert, and was therefore untimely under E.D. Mich. L.R. 7.1(h)(1). However, the Court also found that "even if the...motion were considered *de novo*, Plaintiff has not shown entitlement to the extraordinary remedy of a court-appointed expert, paid for by a defendant." (Citing *In Dorise v. Cummings*, 2009 WL 3462621, at *1 (E.D. Mich. Oct. 23, 2009)). The Court also quoted *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984), where the Court "strongly emphasize[d] that this discretionary power is to be exercised only under compelling circumstances." The Court did not find compelling circumstances that would justify appointment of an expert.

In terms of the substance of the October 9th order, the Plaintiff "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3). Nor has the Plaintiff "demonstrate[d] a palpable defect by which the court and the parties have been misled," or shown "that correcting the defect will result in a different disposition of the case." *Id*.

Therefore, Plaintiff's motion for reconsideration [Doc. # 200] is DENIED.

IT IS SO ORDERED.


Dated: October 26, 2018 　　　　　　　　s/R. Steven Whalen
　　　　　　　　　　　　　　　　　　　R. STEVEN WHALEN
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

### CERTIFICATE OF SERVICE

I hereby certify on October 26, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 26, 2018.

　　　　　　　　　　　　　　　　　　　s/Carolyn M. Ciesla
　　　　　　　　　　　　　　　　　　　Case Manager for the
　　　　　　　　　　　　　　　　　　　Honorable R. Steven Whalen