UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

        Plaintiff,                           No. 14-10244

v.                                   District Judge Arthur J. Tarnow
                                   Magistrate Judge R. Steven Whalen

JACK FROST, ET AL.,

        Defendants.

_____ /

**ORDER**

      Before the Court is Plaintiff Robert Annabel's Motion to Renew Motion to

Compel Sixteenth Set of Interrogatories [ECF No. 245]. Plaintiff filed his motion to

compel responses to his Sixteenth Set of Interrogatories on December 26, 2018 [ECF No.

209].  On August 22, 2019 I denied that motion without prejudice, pending decision on

Defendants' summary judgment motion [ECF No. 235].  Because Plaintiff has survived

summary judgment, he now seeks to renew his motion to compel.

      For the reasons discussed below, Plaintiff's motion to renew [ECF No. 245] is

GRANTED to the extent that the Court will consider and rule on the earlier motion to

compel, and the underlying motion to compel [ECF No. 209, incorporated in ECF No.

245] is GRANTED as to Sixteenth Interrogatory No. 35 and DENIED in all other

respects.

-1-

Plaintiff seeks to compel responses to Interrogatory Nos. 33, 34, and 35.

Interrogatory No. 33 asks for the name and description of the computer software that grievance coordinators and respondents use to generate Step I and Step II grievance responses. Interrogatory No. 34 asks, "Who provides the MDOC with that computer software program and is it specifically formatted for MDOC use? [ECF No. 209, PageID.2324-2325]. Defendants Eaton and Campbell objected on the basis of relevance.

Plaintiff argues that these interrogatories "relates to a very prejudicial impeachment and other wrongs issue of Defendant Eaton forging counterfeit documents then committing perjury that he had not done so...." ECF No. 209, PageID.2312. The alleged forgery is based on Plaintiff's speculation that Eaton "changed [Hearing Investigator] Ms. Hemry's signature to his own using White-Out." *Id*., PageID.2317.[1] The alleged perjury is Eaton's answer to Interrogatory No. 20 of Plaintiff's Sixth Set of Interrogatories:

> "20.   Have you ever falsified grievance documents that had already been answered by using 'White-Out and producing counterfeit pages of the original grievance responses, thus changing the original signatures, dates, and prior grievance responses?
>
> A.   No." [ECF No. 86-7, PageID.1006.

---

[1] In a proposed amended complaint, Plaintiff alleged that Christine Hemry retaliated against him by continually rejecting numerous grievances he had filed. The Court denied leave to amend to add Hemry, and the Sixth Circuit affirmed that order, holding that the denial of the grievances was not an adverse action. *Sixth Circuit Opinion*, ECF No. 63.

Of course, the name and configuration of the MDOC's computer software have

nothing to do with the substantive question of whether Eaton retaliated against the

Plaintiff. Rather, Plaintiff seeks this information to impeach Eaton.  And how is this

information relevant to Eaton's credibility?  Plaintiff suggests that he "seeks information

showing how the original and the forgeries were created, which then proves Eaton's

perjury." ECF No. 209, PageID.2317. But his allegation is not that Eaton somehow

manipulated or otherwise employed the MDOC's software, but that once the grievance

forms were already generated, he used White-Out to cover Hemry's signature and then

wrote over it.[2]  His conclusory statement that the proposed discovery would show how the

---

[2] Plaintiff's theory of liability against Eaton is that Eaton "told Kindinger and Frost that Annabel should be disqualified from a unit representative position because he filed a grievance." *Sixth Circuit Opinion*, *Annabel v. Frost*, No. 15-1518, at p.5, ECF No. 63. The only allegations against Eaton in the amended complaint are that Eaton rejected a Step I grievance as vague, "a holding that was overruled at Step II," and he "notified Defendants Kindinger and CO Frost that Plaintiff had written a grievance and should be disqualified from a unit representative position." *Amended Complaint*, ECF No. 18, PageID.255, ¶¶ 4-5.  In an affidavit attached to a previous motion for summary judgment, Eaton stated that he rejected Plaintiff's July 17, 2013 grievance "after determining that the grievance was vague and unclear." He further states that "Defendant Campbell reviewed my grievance response and signed his name to the grievance response." ECF No. 232-4, PageID.2571.  Thus, Eaton's affidavit is factually consistent with Plaintiff's amended complaint.  But whoever signed the Step I grievance response, the grievance was rejected, and according to Plaintiff that rejection was overturned at Step II. The act of responding to a grievance does not, in and of itself, support liability under § 1983.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)(no liability under § 1983 where Defendants' "only roles . . . involve the denial of administrative grievances"). Thus, Eaton's liability, if any, flows from allegedly instructing Kindinger and Frost to disqualify Plaintiff from the unit representative position because he filed a grievance. It is difficult to make sense of Plaintiff's speculative theory that Eaton could advance a retaliatory scheme by replacing his name on a grievance response that Hemry wrote.

original forms were created does not explain *how* the name and configuration of the software would impeach Eaton's denial that he used White-Out to change the signature.

And what would Plaintiff do with the information about the software? By itself, the information is useless. Would he then seek to re-open discovery to serve a Rule 45 subpoena on the software company? Depose the MDOC Information Technology officer? Renew his request for an expert witness? This would open the door for too many rabbits to be chased down too many rabbit holes, all in pursuit of evidence that is of questionable relevance. Plaintiff has Eaton's deposition, Interrogatory responses, and affidavits. Eaton will be subject to examination at trial. Material to impeach Eaton "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2)( C ).

Defendants' objections to Interrogatory Nos. 33 an 34 under Fed.R.Civ.P. 26(b)(1) and 26(b)(2)( C ) are well taken, and Plaintiff's request to compel responses to these Interrogatories will be denied.

Interrogatory No. 35 asks the final date in 2015 that Christine Hemry was employed at the Gus Harrison Correctional Facility. Defendants objected on the basis that it was duplicative of Interrogatory No. 35 to Defendant McConnell. ECF No. 209, PageID.2326. Although this information appears to be of questionable relevance to the claims or defenses in this case, Defendants did not object on the basis of relevance. No one has seen fit to provide me with McConnell's Interrogatory response, or to point out

whether it could be found somewhere in the Court record. It would take me more time to ferret through the record to find it than for Defendants to simply give Plaintiff an answer. In fact, there would be virtually no burden on the Defendants to do so. I will therefore order the Defendant to respond to Interrogatory No. 35.[3]

Finally, Plaintiff asks the Court to impose sanctions on Defendant Eaton and his attorney, citing three reasons: (1) Eaton committed perjury in his interrogatory response denying that he forged the grievance response; (2) Eaton and his attorney's "continual scheme" to maintain that perjury and to impede discovery; and (3) their "frivolous objections" to the discovery. ECF No. 209, PageID.2316. However, the ultimate question of Eaton's credibility, as well as the Plaintiff's credibility, is for the jury, and it would be error for me to invade the province of the jury by preemptively ruling that Eaton lied. And since I have sustained Eaton's objections to the requested discovery, they cannot be considered frivolous.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Renew Motion to Compel Sixteenth Set of Interrogatories [ECF No. 245] is GRANTED only to the extent that Plaintiff may

---

[3] Defendants also objected on the basis that Plaintiff had not obtained leave to serve more than 25 interrogatories. On July 30, 2017, the Court granted Plaintiff leave to serve only four additional interrogatories on Defendant Eaton, specifically Interrogatories 26-29. The Court also ruled that "Plaintiff's request for "prospective leave" to file future interrogatories is DENIED." ECF No. 209, PageID.1223. To the extent that Plaintiff's present motion implicitly seeks leave to file additional interrogatories, I will grant that request *only* as to Sixteenth Interrogatory No. 35.

renew, and the Court will consider, his earlier motion to compel [ECF No. 209]..

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Sixteenth Set of

Interrogatories [ECF No. 209, incorporated in ECF No. 245] is GRANTED as to

Sixteenth Interrogatory No. 35, and DENIED in all other respects.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: April 27, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on
April 27, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager