UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

               Plaintiff,                               No. 14-10244

v.                                         District Judge Arthur J. Tarnow
                                             Magistrate Judge R. Steven Whalen

JACK FROST, ET AL.,

               Defendants.

_____/

**ORDER**

Before the Court is Plaintiff Robert Annabel's Motion to Renew Motions to

Compel  [ECF No. 244], in which he seeks to renew a previously filed motion to compel

responses to document requests [ECF No. 199] and motion to compel responses to his

Fourteenth and Fifteenth Interrogatories [ECF No. 203], that had been dismissed without

prejudice pending decision on Defendants' summary judgment motion [ECF No. 235].

Because Plaintiff has survived summary judgment, he now seeks to renew his motions.

In ECF No. 199, Plaintiff seeks the production of documents regarding (1)

incidents prior to July 22, 2013 in which Plaintiff stabbed or seriously assaulted another

person; (2) fighting incidents involving the Plaintiff prior to July 22, 2013; and (3)

whether the MDOC required Defendant Frost or other officers to carry tasers and pepper

spray on July 22, 2013.  The Defendants objected to requests (1) and (2) on relevancy

-1-

grounds, and stated that they did not possess any documents responsive to request (3). ECF No. 199, PageID.2214-2217.

In ECF No. 203, Plaintiff seeks to compel answers to Interrogatory No. 10 (MDOC policy regarding whether corrections officers are required to carry tasers and pepper spray) and Interrogatory No. 11 (whether officers are required to carry personal protection devices that electronically signal for backup). ECF No. 203, PageID.2240-2241.[1] Defendants objected on relevancy grounds.

This is a retaliation case, and Plaintiff's assaultive history or whether corrections officers carry tasers or pepper spray have nothing to do with the substantive legal or factual issues. Rather, Plaintiff argues that these requests are necessary to impeach the deposition testimony of Defendant Frost. Specifically, Frost testified that Plaintiff is "a very violent individual, so I'm careful when I'm around that guy." He said that Plaintiff "stabbed a couple people" and has "been in fights." Frost said, "He's violent. Just look in his record if you want to know. Just look in his record." *Frost Deposition*, ECF No. 199, PageID.2208.

The question is not whether the requested information about Plaintiff's past violent behavior is necessary to impeach deposition testimony, but whether it can be used to impeach Frost's trial testimony. Deposition testimony does not "open the door" to trial

---

[1] Interrogatory No. 12 was answered subject to an objection, and No. 13 was answered.

testimony. And Plaintiff himself has argued for the exclusion at trial of any evidence of his propensity for violence under Fed.R.Ev. 404(a). *See Plaintiff's Motion in Limine*, ECF No. 246. In fact, any testimony about Frost's fear of Plaintiff, or the protective equipment that corrections officers use would not be relevant to the issues properly in the case, and would likely be excluded.[2]  Therefore, if Plaintiff's motion in limine is granted, there will be nothing to impeach.[3]  Balancing the lack of relevance of this evidence against the burden of producing it, I find that the requests are not proportional to the needs of the case.  *See* Fed.R.Civ.P. 26(b)(1).

Accordingly, Plaintiff's motion to renew [ECF No. 244] is GRANTED to the extent that the Court will consider and rule on the earlier motions to compel, and the underlying motions to compel [ECF No. 199 and ECF No. 203, incorporated in ECF No. 244] are DENIED.

---

[2] And, as a practical matter, assuming Plaintiff does have a history of misconducts for assaultive behavior (and he would know whether he does or does not), why would he want to present that to the jury?

[3] Defendants do suggest that Plaintiff's misconduct history may be relevant for other purposes, such as showing that they acted in conformity with their training and job duties, or impeachment of the Plaintiff himself. *Response to Motion in Limine*, ECF No. 249, PageID.2929. Even if the *fact* that prior misconducts would be admissible for this purpose (in my view an unlikely proposition), the *nature* of those misconducts would not, either under Rule 401, 403, or 404(b).

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: April 30, 2020

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 30, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager