**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

───────────────────────────────────────────────

ROBERT ANNABEL,

    Plaintiffs,

v.                                               Case No. 14-10244

JACK FROST, et al.,

    Defendant.
_____/

**ORDER CLARIFYING SEPTEMBER 30, 2019 ORDER (ECF NO. 240)**

Plaintiff Robert Annabel claims that Defendants Jack Frost, Steven Kindinger, Sherman Campbell, James Eaton, and Keith McConnell, employees of the Michigan Department of Corrections, retaliated against Plaintiff for filing grievances in violation of the First Amendment by issuing false misconduct reports, wrongly finding him guilty thereof, and terminating him from the unit representative position. (ECF No. 18). On September 30, 2019, the court[1] entered an Order (ECF No. 240), which adopted in part Magistrate Judge R. Steven Whalen's August 9, 2019 Report and Recommendation ("R&R") (ECF No. 232), sustained in part and overruled in part Plaintiff's objections (ECF No. 236), and denied the parties' cross-motions for summary judgment (ECF Nos. 210, 211).

The parties do not dispute that Plaintiff's First Amendment retaliation claim arising out of McConnell's conduct outside of the hearing has been dismissed for failure to exhaust. (ECF No. 317, PageID.3376; ECF No. 319, PageID.3990; *see* ECF No.

---

[1]    The late Honorable Arthur J. Tarnow authored the opinion.

252.). "[N]ot attempting to persuade the [c]ourt to reconsider or change its prior rulings" (ECF No. 317, PageID.3366), Defendants now seek clarification as to whether Plaintiff's claim against McConnell for his conduct in the role as a hearing officer has been dismissed. (ECF No. 317.) It has not.

The September 30, 2019 Order did not adopt the Magistrate Judge's recommendation to grant summary judgment in favor of Defendants. (ECF No. 240, PageID.2857-58.) In so doing, the court recognized that it was "presented with two accounts of the same story. One arguing that each piece of evidence is a link in a chain of a retaliation conspiracy. The other arguing that each piece of evidence amounts to a mere coincidence of isolated incidents." (*Id.*, PageID.2856.) Accordingly, the court declined to "render an opinion on this factual dispute," and expressed that "the law dictates jury submission." (*Id.*)

Contrary to Defendants' assertion (*see* ECF No. 317, PageID.3377), Plaintiff made more than just the one failure-to-exhaust objection to the R&R concerning McConnell.[2] In any case, the law allows the court to accept, reject, or modify any or all of the Magistrate Judge's recommended disposition. Fed. R. Civ. P. 72 (b)(3) ("The district judge may accept, reject, or modify the recommended disposition . . ."); 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *see also*

---

[2] For example, in his Objection 1 – "The evidence should have been viewed in a light most favorable to Plaintiff on defendants' motion for summary judgment" (ECF No. 236, PageID.2822) – Plaintiff faulted the R&R for "wholly accept[ing] McConnell and Campbell's statements that there was no video evidence to support 1642 hours [sic.] was the false time" and stated that he "showed the hearing and appeal decisions were dishonest." (*Id.*, at PageID.2824.) This objection was sustained. (ECF No. 240, PageID.2857.)

2

*Thomas v. Arn*, 474 U.S. 140, 154 (1985) ("[W]hile the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard."). In other words, "[t]he authority—and the responsibility—to make an informed, final determination . . . remains with the [court]." *United States v. Raddatz*, 447 U.S. 667, 682 (1980) (citing *Mathews v. Weber*, 423 U.S. 261, 271 (1976)). As indicated above, the court found a triable dispute of material facts that needs to be submitted to the jury, and, via the September 30, 2019 Order, denied Defendants' request for summary judgment of Plaintiff's claims, including the one against McConnell.

Accordingly, IT IS CLARIFIED that Plaintiff's claim against McConnell for his conduct in the role as a hearing officer is not dismissed. This order does not alter the analysis or findings contained in the September 30, 2019 Order.

s/Robert H. Cleland  /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 19, 2023, by electronic and/or ordinary mail.

s/Lisa Wagner  /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\14-10244.ANNABEL.MotionforClarification.NH.docx