UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT ANNABEL,

    Plaintiff,

v.                                                              Case No. 14-10244

JACK FROST, et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SANCTIONS BASED UPON SPOLIATION OF EVIDENCE**

Plaintiff Robert Annabel filed this 42 U.S.C. § 1983 prisoner civil rights action against Defendants Jack Frost, Steven Kindinger, Sherman Campbell, James Eaton, and Keith McConnell, employees of non-party Michigan Department of Corrections ("MDOC") at the Gus Harrison Correctional Facility, where Plaintiff is incarcerated. (ECF No. 18, PageID.254.) Plaintiff claims that Defendants retaliated against him for filing grievances in violation of the First Amendment by issuing false misconduct reports, wrongly finding him guilty thereof, and terminating him from the unit representative position. (*Id.*, PageID.258-59.)

Before the court is Plaintiff's "Motion for Sanctions Regarding Spoilation [sic.] of Evidence." (ECF No. 327.) Defendants have filed a response. (ECF No. 330.) For the reasons below, Plaintiff's motion is denied without prejudice.

**I. BACKGROUND**

Plaintiff filed this lawsuit on January 17, 2014 (ECF No. 1.) His remaining claim stems from a misconduct citation given to him on July 22, 2013. (ECF No. 18,

PageID.255-56.) Defendant Frost, a Correctional Officer, wrote a report charging Plaintiff with disobeying a direct order ("DOD") after Plaintiff had passed an item[1] to another prisoner through the tray slot of that prisoner's cell. (*Id.*)

On July 29, 2013, Plaintiff filed a grievance, claiming that the July 22 misconduct report was falsified by Defendant Frost, who conspired with Defendant Kindinger, Assistant Resident Unit Manager, and Defendant Campbell, Deputy Warden, to retaliate against Plaintiff for having filed a grievance earlier. (ECF No. 327, PageID.3439.) Plaintiff contended that the video surveillance would show that Defendant Frost was far away from Plaintiff, that Plaintiff did not have the items alleged to have been passed, and that the incident was too brief for Defendant Frost to repeat a direct order. (*Id.*) Plaintiff wrote, "Such retaliation for filing a grievance violates my First Amendment rights, and the Unit 4 camera recording for 1630 to 1700 hours must be preserved for litigation." (*Id.*) Defendant Campbell reviewed and rejected Plaintiff's grievance on July 31, 2013. (*Id.*, PageID.3439-40.)

At the misconduct hearing on August 4, 2013 before Defendant McConnell, Captain, Plaintiff admitted to opening another prisoner's cell slot, but said that the incident happened at approximately 6:30 PM, not 4:22 PM as reported, and denied being given an order to not pass items to another prisoner. (ECF No. 18, PageID.257; ECF No. 327, PageID.3435.) In his Motion, Plaintiff claims that he also requested that the video footage be preserved during the hearing. (ECF No. 327, PageID.3429.) On August 6, Defendant McConnell upheld Plaintiff's misconduct charge. (ECF No. 327,

---

[1] Plaintiff claims that he passed a folded T-shirt to another prisoner. (ECF No. 18, PageID.255.) He was accused of passing two packages of Ramen noodle. (*See* ECF No. 211-6, PageID.2581.)

2

PageID.3435.) As part of "Reasons for findings," Defendant McConnell wrote: "A review of the facility's video monitoring system found to be insufficient to support prisoner's claim of infraction time." (*Id.*) In his deposition, Defendant McConnell testified that a misreport of the time would have resulted in the dismissal of the charge. (*Id.*, PageID.3452.)

On August 12, Plaintiff appealed Defendant McConnell's ruling. (*Id.*, PageID.3436.) Plaintiff reiterated his version of the events and wrote, "The video will show this [sic.] and it must be preserved for litigation." (*Id.*) Defendant Campbell rejected Plaintiff's appeal on August 20, reasoning in part that ". . . no video evidence supports [Plaintiff's] claim of the time being incorrect." (*Id.*), PageID.3436-37.)

On August 13, 2013, Plaintiff sent a written request to Virgil Webb, an Administrative Assistant, asking that the July 22, 2013 surveillance footage be preserved "[f]or the purpose of litigation." (ECF No. 327, PageID.346.) Plaintiff's request was denied because "prisoners are not entitled to FOIA request." (*Id.*, at PageID.3464.)

It is undisputed that the video recording on July 22, 2013 no longer exists. MDOC representative, whose affidavit is attached to Defendants' Response, indicates that "if the camera footage was not downloaded to a DVD, it would automatically be deleted by the video system after 30 days." (ECF No. 330-2, PageID.3505.) According to Defendant McConnell, deputy wardens, captains, hearing investigators, administrative assistants, or assistant resident unit supervisors have authority to request a review and/or preservation of security video recording data, "if there is a specific need for a review or preservation of [the] video." (ECF No. 97-3, PageID.1115.)

3

Plaintiff now moves the court to impose sanctions by providing an adverse jury instruction based on Defendants' failure to preserve the July 22, 2013 security camera footage. (ECF No. 327.)

## II.  STANDARD

"Spoliation is 'the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction.'" *Ross v. Am. Red Cross,* 567 Fed. Appx. 296, 301–02 (6th Cir. 2014) (quoting United States v. Copeland, 321 F.3d 582, 597 (6th Cir. 2003)). Historically, courts required a party seeking sanctions for spoliation of evidence to establish that (1) the opposing party had control over the evidence and an "obligation to preserve it," (2) the evidence was lost or destroyed with a "culpable state of mind," and (3) the evidence was relevant to a claim or defense such that a "reasonable trier of fact could find that it would support that claim or defense." *See Beaven v. U.S. Dep't of Just.*, 622 F.3d 540, 553 (6th Cir. 2010).

Plaintiff files his motion under Rule 37(e) of the Federal Rules of Civil Procedure. (ECF No. 327, PageID.3419.) At the time Plaintiff filed his lawsuit in 2014, the rule provided: "Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system." Fed. R. Civ. P. 37(e) (effective until Nov. 30, 2015). However, in 2015, Rule 37(e) was amended to its current version, which states:

> **(e) Failure to Preserve Electronically Stored Information**. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

>> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
>> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>>> (A) presume that the lost information was unfavorable to the party;
>>
>>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

Courts in Sixth Circuit have generally adhered to the amended Rule 37(e)'s requirements in imposing sanctions based on spoliation. *See, e.g.*, *Courser v. Mich. House of Representatives*, 831 F. App'x 161, 187-88 (6th Cir. 2020) (explaining that "succeed[ing] on a Rule 37 motion based on spoliation" now requires satisfying all of Rule 37(e)'s requirements). To obtain the requested adverse inference instruction, which is one of the more severe sanctions under Rule 37(e)(2), Plaintiff must establish that Defendants "acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). "A showing of negligence or even gross negligence will not do the trick." *Applebaum v. Target Corp.*, 831 F.3d 740, 745 (6th Cir. 2016).

### III. DISCUSSION

When the Federal Rules of Civil Procedure were amended in 2015, the Supreme Court gave district courts the discretion to apply the amended version, "insofar as just and practicable, [to] all proceedings then pending." S. Ct. Amending Fed. R. Civ. P (Apr. 29, 2015); *see* 28 U.S.C. § 2074(a). In this instance, the alleged spoliation (in 2013), the

filing of this case (on January 17, 2014), and substantial litigation activities occurred before the amended Rule 37 became effective. Further actions and the instant motion, however, happened after the amendment. Here, the court finds that it is "just and practicable" to apply the amended version of Rule 37(e), as has been done by both parties in their pleadings. (ECF No. 327, PageID.3425; ECF No. 330, PageID.3490.)

First, the court will dispense with Defendants' argument that "[t]he [video] evidence may not be relevant to the legal claims and defenses asserted in this case" as unconvincing. (ECF No. 330, PageID.3495.) The records indicate that Defendants McConnell and Campbell relied on the security camera footage in upholding Plaintiff's misconduct charge. It is thus relevant to the legitimacy of Defendants' actions that are at issue in Plaintiff's lawsuit.

Plaintiff has presented evidence showing that one of the Defendants – Defendant Campbell – was aware that the video footage at issue should have been preserved in July 2013. Defendant Campbell reviewed both Plaintiff's July 29, 2013 grievance and August 12, 2013 appeal. (ECF No. 327, PageID.3439, 3436.) In the former, Plaintiff specifically named Defendant McConnell as a co-conspirator in an alleged scheme to violate his First Amendment rights; and in both documents, Plaintiff asked for the video recording to be "preserved for litigation." (*Id.*) Defendant Campbell "*should have known that the evidence may be relevant to future litigation.*" *Byrd v. Alpha All. Ins. Corp.,* 518 F. App'x 380, 384 (6th Cir. 2013) (citing *Beaven*, 622 F.3d 553) (emphasis in original).

The notice, however, is less clear as to the other Defendants. Plaintiff has not marshalled any evidence to show that Defendants Frost, Kindinger, and Eaton should have known that they have a duty to preserve the security footage at issue in July-

6

August 2013. While Plaintiff's Motion states that he requested the recording to be preserved during the hearing presided by Defendant McConnell (ECF No. 327, PageID.3429.), nothing offered suggests that Defendant McConnell should have known that such material would be relevant to an anticipated lawsuit to which he would be a party.

Additionally, the evidence presented has not sufficiently persuaded the court to find the intention necessary for an adverse inference instruction. Fed. R. Civ. P. 37(e)(2). Particularly, the court has questions about Defendants' access or control of the camera footage. *See Adkins v. Wolever,* 692 F.3d 499, 506 (6th Cir. 2012) (upholding the district court's conclusion that defendant was not culpable because he had no control over the evidence). The court is not entirely convinced, as Plaintiff asserts, that Defendants "admit Captain McConnell and Deputy Warden Campbell . . . could have preserved the recording." (ECF No. 327, PageID.3429.) Plaintiff points to Defendant McConnell's interrogatory response indicating that he (a Captain and the hearing investigator) and Defendant Campbell (a Deputy Warden) have the authority to request the footage preserved "if there is a specific need for . . . preservation of video." (ECF No. 97-3, PageID.1115.) But, as indicated above, it is not unequivocal to the court that Defendant McConnell was sufficiently on notice of an obligation to preserve. And the court is not ready to accept Defendant McConnell's assertion concerning Defendant Campbell's authority without any foundation laid therefor.

In short, the inconclusive factual record underpinning Plaintiff's motion prevents an adequate consideration of Rule 37(e) application at this point. Realizing that further

factual record may be developed at trial, the court will nonetheless permit Plaintiff to raise this issue again before the jury instructions are given at the end of trial.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Sanctions Regarding Spoilation [sic.] of Evidence" (ECF No. 327) is DENIED WITHOUT PREJUDICE.

s/Robert H. Cleland                    /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  February 15, 2023


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 15, 2023, by electronic and/or ordinary mail.

s/Lisa Wagner                    /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\NTH\Civil\14-10244.ANNABEL.Spoliation.NH.docx