**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

ROBERT ANNABEL,

    Plaintiff,

v.                                                                               Case No. 14-10244

JACK FROST, et al.,

    Defendants.
_____/

**ORDER DIRECTING PARTIES TO SUBMIT TRIAL PREPARATORY MATERIALS**

The court, having held a status conference on March 9, 2023, advised the parties to carefully read the following provisions of this order.

IT IS HERE BY ORDERED that

1. **TRIAL**

Trial for this case is set for **April 26, 2023 at 9:00 am**. No adjournment will be allowed.

2. **JURY INSTRUCTIONS**

By no later than **March 16, 2023**, Defendants' counsel is ORDERED to prepare and exchange to Plaintiff a set of proposed jury instructions, which must include: (1) the elements of Plaintiff's claim; (2) the elements of any affirmative defenses; (3) specialized case-specific instructions, e.g., concerning unusual factors in this case; and (4) a form of the verdict, usually incorporating logically sequential questions based on the elements of proofs.[1]

___

[1] The court will deliver its own standard introductory and concluding instructions and will instruct the jury at the beginning of the case at least on the elements of proof.

Defendants' counsel is ORDERED to convene a meeting of the parties, which all parties are ORDERED to attend, to discuss the proposed jury instructions and any objections thereto by Plaintiff, in a good faith effort to narrow the areas of dispute and agree on an acceptable form.

Defendant's counsel is ORDERED to lodge with the court's case manager a set of the agreed-upon and contested instructions no later than **March 23, 2023**. The submission must be in Word format and transmitted through email and not filed with the clerk. The contested instructions must include the parties' respective proposed versions, as well as the reasons and supporting authorities supporting them.

3. **EXHIBITS; EXAMINING, PRE-MARKING AND LISTING**

Defendant's counsel is hereby ORDERED to convene a meeting of the parties, which all parties are ORDERED to attend, and:

a. identify any objections as to authenticity, foundation, relevance, etc., of each proposed exhibit and deposition. Each party's exhibits and depositions must then be listed separately, first those as to which there are no objections, and second those as to which there are objections. An "exhibit" includes both what a party fully intend to introduce and might introduce. A "deposition" includes redacted portions thereof intended for trial use. Agreed-upon exhibits and depositions, identified on a separate listing and prepared for submission to the court, below, will be considered admitted at the outset of trial and may be used by either party at any time.

b. supply to the opposing party in writing the reason(s) for withholding stipulation or asserting objections as to each exhibit proposed by the opposing party.

    c.    arrange to number and label all exhibits – both those agreed to and those objected to – IN ADVANCE OF TRIAL. Court time cannot be used for the labeling of exhibits; the court's reporter does not label exhibits for a party. Plaintiff should use exhibit numbers beginning with 101 and Defendants should use numbers beginning with 501. In the event of an extraordinarily large number of exhibits or for other reasons, parties should agree upon a reasonable alteration to P-101 / D- 501 numbering.

**4.**   **EXHIBIT LISTS, TRIAL BRIEFS AND ELECTRONIC PRESENTATION**

    a.  Defendants' counsel is ORDERED by **April 5, 2023**:

        i.  to file a list of exhibits, the admissibility of which is stipulated to by both parties, and a list of the depositions similarly stipulated to; and

        ii.  to lodge with judge's chambers copies of the exhibits themselves, unless bulk or other considerations make such submission impractical (in which case please advise court staff of the difficulties).

    b.  The parties each are ORDERED by the same date noted in section (a), above, to file:

        i.  a trial brief;[2] and

        ii.  a list of that party's *proposed* exhibits, the admissibility of which has been objected to by the opposing party, and the reason (supplied by opposing party) for the objection; and

        iii.  proposed findings of fact and proposed conclusions of law if there are any issues to be decided by the court alone.

---

[2]     A good trial brief will do more than merely summarizing the case, although a theory of the case is usually the core. It may, for example, assist the court by outlining your intended position on anticipated evidence or witness problems.

    c.  Parties are directed to consider the use of electronic presentation technologies to minimize the need for paper copies of documents. The court can make available certain kinds of electronic presentation technology.

                                       s/Robert H. Cleland              /
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated:  March 10, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 10, 2023, by electronic and/or ordinary mail.

                                       s/Lisa Wagner                 /
                                       Case Manager and Deputy Clerk
                                     (810) 292-6522

S:\Cleland\Cleland\NTH\Civil\14-10244.ANNABEL.OrderSubmittingTrialMaterial.NH.docx